**UNITED STATES DISTRICT COURT**
**FOR THE**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **LARRY LYLE LASKO,** | : |
| | : |
| **Plaintiff,** | : |
| | : **CIVIL NO. 3:CV-05-0991** |
| v. | : |
| | : **(JUDGE VANASKIE)** |
| **RUSSEL HENDERSHOT, ET AL.,** | : |
| | : |
| **Defendants.** | : |

**M E M O R A N D U M**

**I.**   **Introduction.**

This is a Bivens[1] action initiated by Plaintiff, Larry Lyle Lasko, an inmate incarcerated at the Schuylkill Federal Correctional Institution in Minersville, Pennsylvania ("FCI-Schuylkill"). Lasko avers that Medical Director Russell Hendershot, MD, and Health Services Administrator Edgardo Ong, were deliberately indifferent to his needs in regard to his treatment for Hepatitis C. Pending is Defendants' motion for summary judgment and Plaintiff's motions for joinder and preliminary injunction. For the reasons that follow, the motion for summary judgment will be granted and Plaintiff's motions will be denied.

---

   [1]   In Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court recognized a private cause of action to recover damages against a federal agent for violations of constitutional rights.

**II.        Procedural History.**

Lasko initiated this action on May 16, 2005.  (Dkt. Entry 1, Complaint.) Defendants then filed a Motion to Dismiss or in the alternative Motion for Summary Judgment. (Dkt. Entry 13.)  On December 13, 2005, the Court granted Lasko's Motion to File an Amended Complaint, dismissing Defendants' Motion for Summary Judgment as moot.  (Dkt. Entry 29.)

Prior to Defendants answering the Amended Complaint, Plaintiff filed a Motion for Emergency Preliminary Injunction which mirrors the allegations and request for relief of his instant case as it seeks to compel FCI-Schuylkill medical staff and others to provide him with the necessary treatment and monitoring for his Hepatitis C condition.  (Dkt. Entry 31.)  On January 5, 2006, Defendants filed a brief in opposition to Plaintiff's motion for a preliminary injunction. (Dkt. Entry 38.)  Lasko filed a timely reply brief.  (Dkt. Entry 40.)

Defendants answered the Amended Complaint on February 2, 2006, and filed for Summary Judgment as to the Amended Complaint on the same day.  (Dkt. Entries 41 and 42.) On February 22, 2006, Defendants' filed their supporting brief, exhibits, and statement of material facts.  (Dkt. Entries 47-48.)  Lasko filed a "Brief in Opposition" and a "Memorandum of Law" opposing Defendants' motion as well as his own Statement of Material Facts.  (Dkt. Entries 49-51).  Defendants did not file a Reply brief.

On July 17, 2006, Plaintiff filed a Motion for Joinder, seeking to add a medical negligence claim via the Federal Tort Claims Act and add the required defendant, the United

-2-

States, for such a claim. (Dkt. Entry 56). Defendants oppose the motion, asserting, inter alia, that Plaintiff's motion should be construed as a motion to file a second amended complaint, which should be denied as Lasko only recently exhausted his administrative tort claims and thus the court lacks jurisdiction over the claim. (Dkt. Entry 58.) Lasko filed a reply which does not address Defendants' objections to his motion for joinder, but reargues his exhaustion efforts as to his Bivens claims. (Dkt. Entry 59.)

**III.        Standard of Review on Summary Judgment.**

Summary judgment will be granted if the record establishes that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). Rule 56(c) imposes a burden on the moving party to point to an absence of evidence supporting the nonmoving party's case. Id., 477 U.S. at 325. Once the moving party has met this burden, the burden then shifts to the non-moving party. The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Moreover, he may not simply "replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit." Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888 (1990)(citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986)). Rather, he must "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Unsubstantiated arguments made in briefs are

not considered evidence of asserted facts.  <u>Versarge v. Township of Clinton</u>, 984 F.2d 1359, 1370 (3d Cir. 1993).

At the summary judgment stage, the court's function is not to weigh the evidence and determine the truth of the matter, but rather to determine whether there is a genuine issue for trial.  <u>Anderson</u>, 477 U.S. at 249.  In reviewing the evidence, facts and inferences must be viewed in the light most favorable to the nonmoving party.  <u>Matsushita</u>, 475 U.S. at 587.  The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment.  <u>Anderson</u>, 477 U.S. at 247-248.  Summary judgment must be entered in favor of the moving party "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." <u>Matsushita</u>, 475 U.S. at 5887.

Defendants have submitted a Statement of Material Facts in support of their motion for summary judgment.  Lasko has failed to reply to this Statement.  Thus, all material facts set forth by Defendants may be accepted as true.  M.D. Pa. LR 56.1.[2]  <u>See</u> <u>Anchorage Associates v. Virgin Island Bd. of Tax Review</u>, 922 F.2d 168, 175-76 (3d Cir. 1990).

---

[2] Although Lasko filed a "Statement of Material Facts" (Dkt. Entry 51-1), it does not respond to the numbered paragraphs in Defendants' Statement of Material Facts.  Lasko's submission violates M.D. Pa. LR 56.1, which provides, in relevant part, as follows: "All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party." Plaintiff's submission does not measure up to this requirement.

**IV.     Statement of Relevant Facts.**

Lasko entered the Bureau of Prisons in March 2004 with a history of Hepatitis C, as well as two failed courses of treatment for this condition. (Dkt. Entry 47, Defendants' Statement of Material Facts as to the Amended Complaint ("DSMF") at ¶ 12-17.)  Plaintiff was transferred to FCI-Schuylkill on April 12, 2004, and underwent medical screening by a Nurse Practitioner. (Id. at ¶ 24.)  Admissions and orientation laboratory work was ordered and sick call procedures were explained to Lasko. (Id. at ¶¶ 28-30.)

Plaintiff initiated his action on May 16, 2005. (Dkt. Entry 1, Complaint.)  Lasko filed an informal administrative remedy, BP-8, with the BOP on July 22, 2004, complaining that "medical requests have [obviously] been denied concerning physicals to the Hep-C primary care guidelines and procedures. Need to be seen by a [gastroenterologist] specialist." (Id. at p. 15.)  Defendant Ong, the Health Services Director, provided information to Lasko's corrections counselor who, on the basis of that information, denied the informal request on July 28, 2004.  Ong stated that the decision as to whether Lasko would be referred to a gasteroenterologist would be made based on the results of Plaintiff's recent (July 28, 2004) laboratory sample. (Id. at p. 16.)  Plaintiff then filed his formal administrative request, BP-9, No. 345428-F1, on July 28, 2004, alleging that he was not properly screened upon intake into the facility, and that "he see[s] know (sic) delay just deliberate [indifference] to [his] serious medical [condition], [denying Plaintiff] of the proper Gastro (sic) examinations as to my [chronic inflammation] of the liver."

(Id. at p. 17.)  On August 6, 2004, Warden Nash denied his Administrative Remedy Request, and advised him of his right to appeal the decision to the Regional Director.  Lasko did not file an appeal to the Regional Director of the Bureau of Prisons.  (Id. at p. 3; see also, Dkt. Entry 47, DSMF ¶ 10; Dkt. Entry 48-3, Exhibits in Support of Defendants' Motion for Summary Judgment, Exh. A at p. 1.)

On November 4, 2005, Lasko filed an Amended Complaint after Defendants moved to dismiss the Complaint, inter alia, due to his failure to exhaust his administrative remedies.  (Dkt. Entry 21-1.)  On August 18, 2005, Lasko commenced his "second attempt" at exhausting his administrative remedies as to his medical claims.  (Id. at p. 7.)  He filed a BP-8 on August 18, 2005, which was denied.  On August 25, 2005, he filed a BP-9, which the Warden denied on September 21, 2005.  He filed a BP-10 to the Regional Director on September 26, 2005, which was denied.  On October 31, 2005, Plaintiff filed an appeal to the Bureau's General Counsel on a Form BP-11.  (Id.)   Lasko claims that he "needs only to show an attempt, 'In Resolution' before filing his complaint."  (Id. at p. 8.)

On January 3, 2006, Lasko submitted an administrative tort claim to the BOP, asserting that Defendants were negligent in their management and care of his Hepatitis C.  (Dkt. Entry 56, Plaintiff's Request for Leave for Joinder, p. 4.)  The Bureau of Prisons, Regional Counsel, denied the request on June 26, 2006.  (Id. at p. 6.)  Plaintiff was advised that if he was dissatisfied with the decision, he may bring an action against the United States in an

-6-

appropriate United States District Court within six (6) months of the date of this memorandum." (Id.)  Lasko's window of opportunity to file a Federal Tort Claim Act, 28 U.S.C. §§ 2671, et. seq., expires on or about December 26, 2006.

**V.        Discussion.**

       **A.     Lasko's Failure to Properly Exhaust his Administrative Remedies.**

Under the Prison Litigation Reform Act ("PLRA"), exhaustion of administrative remedies is required for all actions concerning prison conditions brought under federal law. See 42 U.S.C. § 1997e(a); Woodford v. Ngo, 126 S.Ct. 2378 (2006).  The "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  Porter v. Nussle, 534 U.S. 516, 532 (2002).  The PLRA "completely precludes a futility exception to its mandatory exhaustion requirement."  Nyhuis v. Reno, 204 F.3d 65, 71 (3d Cir. 2000).  The PLRA also mandates that inmates "properly" exhaust administrative remedies before filing suit in federal court.  Woodford, 126 S.Ct. at 2387 (emphasis added).  "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings."  Id. at 2386.  Failure to substantially comply with procedural requirements of the applicable prison's grievance system will result in a procedural default of the claim.  Spruill v. Gillis, 372 F.3d 218, 227-32 (3d Cir. 2004).

A prisoner does not have to allege in his complaint that he has exhausted administrative remedies. Ray v. Kertes, 285 F.3d 287 (3d Cir.2002). Failure to exhaust available administrative remedies is an affirmative defense. Id. As such, it must be pleaded and proven by the Defendants. Brown v. Croak, 312 F.3d 109, 111 (3d Cir. 2002).

All inmates in institutions operated by the Bureau of Prisons ("BOP") may challenge any aspect of his or her confinement using the BOP's procedures for filing a Request for an Administrative Remedy. 28 C.F.R. § 542.10(a) and (b). Following an informal request (BP-8), an inmate may submit an Administrative Remedy Request (BP-9) to the warden. See 28 C.F.R. § 542.15. An inmate who is not satisfied with the Warden's response may submit an Appeal to the Regional Director (BP-10). Id. An inmate who is not satisfied with the response from the Regional Director may submit an Appeal to the General Counsel (BP-11). Id. No administrative appeal is considered to be finally exhausted until a decision is reached on the merits by the BOP's Central Office. Id.

Defendants assert that Lasko failed to properly exhaust his administrative remedies prior to filing his initial, or amended, complaint in this action. Although Lasko initiated his administrative remedies in July 2004, prior to the initiation of this action, Lasko does not dispute his failure to pursue an appeal of the Warden's denial of his administrative remedy as required by the BOP's Administrative Remedy Procedures. (Dkt. Entry 1, Complaint, p. 17.)

Lasko seeks to excuse his failure to complete the BOP's administrative remedy

process on the ground that his grievance was resolved after he met with Dr. Hendershot on August 4, 2004. As such he claims he need not pursue the administrative remedy process further as he believed his medical treatment was on the right track. (Dkt. Entry 51-1, PSMF at ¶¶ 11-12.) It was not until "later" did he realize that he "was suckered" and again became dissatisfied with the level of care provided. (Id.)

Lasko relies upon a California district court case, Gomez v. Winslow, 177 F. Supp. 2d 977 (N.D. Cal. 2001), to support this theory. Gomez involved a state inmate's challenge to the adequacy of his Hepatitis C treatment. After Defendants moved to dismiss the complaint due to Plaintiff's failure to exhaust his administrative remedies, the district court found that Plaintiff's partial exhaustion of the state's administrative remedy process was sufficient for PLRA's exhaustion purposes where the inmate's appeal was resolved at a lower administrative level. The Gomez court found that an inmate may satisfy the exhaustion requirement without need to continue to pursue his successful grievance all the way through the final level administrative remedy procedure. (Id.)

Plaintiff's reliance on Gomez is misplaced. Lasko does not provide any evidence that his grievance was favorably "resolved" at any level. On the contrary, all of the BOP's responses in connection with Lasko's limited exhaustion of his July 2004 administrative remedy specifically deny any allegation of delayed or inadequate medical care. Thus, there is no evidence on the record to suggest that Lasko abandoned his administrative remedies because

he and the BOP reached an understanding as to his claims of inadequate and deliberately indifferent medical care. (See Dkt. Entry 1, Complaint, p. 17)("I see know (sic) delay just deliberate [indifference] to a serious medical [condition denying him] the proper Gastro examination.") It appears that Lasko simply dropped the pursuit of his administrative remedy for his own reasons.  Lasko's partial exhaustion of his administrative remedies due to his personal satisfaction of the outcome of his meeting with Dr. Hendershot does not substantially comply with the BOP's administrative remedy procedures or the exhaustion requirement of the PLRA. As such, Lasko's claims of deliberate indifference to his Hepatitis C condition are procedurally defaulted as he has failed to substantially comply with procedural requirements of the BOP's grievance system.  Spruill v. Gillis, 372 F.3d 218, 227-32 (3d Cir. 2004).

Lasko's "second attempt" at exhausting occurred after the initiation of this action, as well as after the filing of his second amended complaint.  Thus, Plaintiff's claims are subject to dismissal without prejudice due to his failure to exhaust his remedies prior to bringing his suit in federal court even though he may have exhausted them via his "second attempt" during the pendency of this litigation.[3]  See Oriakhi v. United States, 165 Fed. Appx. 991, 993 (3d Cir. 2006)(district court properly dismissed Bivens claim where inmate exhausted administrative remedies after filing federal court action).

---

[3] Since the exhaustion of administrative remedies is a threshold issue, there is no need to consider Defendants' alternative arguments presented in their motion for summary judgment.

### B.     Motion for Joinder.

Lasko has filed a Motion for Joinder seeking to add a new claim, brought under the FTCA, against a required but nonetheless new defendant, the United States.  Defendants correctly suggest that Plaintiff's motion should be construed as a second motion to amend his complaint.

> Under Fed.R.Civ.P. 15(a):
>
> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleadings only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Fed. R. Civ. P. 15(a).  Leave to amend under Rule 15(a) should be liberally granted.  The Court, however, may deny leave to amend or supplement where the new claims would not withstand a motion to dismiss or where amendment would cause delay or prejudice to a party.  See Oran v. Stafford, 226 F.3d 275, 291 (3d Cir. 2000).

Lasko's motion for joinder will be denied for two reasons.  First, it was not submitted until long after Defendants moved for dismissal of the Bivens claim on exhaustion grounds.  Lasko should not have the benefit of the delay in resolving that motion.  Second, Lasko will not be prejudiced by denial of the joinder request as he is free to commence a new action under the FTCA. Lasko's window of opportunity to file an action under the Federal Tort

-11-

Claim Act, 28 U.S.C. §§ 2671, et. seq., expires on or about December 26, 2006.  Lasko should not avoid the consequences of his commencing his first action prior to exhaustion of administrative remedies by being able to start a new lawsuit under the guise of a request for joinder of a new party and a new cause of action to an original case that was brought improperly.

        An appropriate Order follows.

        **s/ Thomas I. Vanaskie**
Thomas I. Vanaskie
United States District Judge

# UNITED STATES DISTRICT COURT
# FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

**LARRY LYLE LASKO,**           :
                                :
      **Plaintiff,**          :
                                : **CIVIL NO. 3:CV-05-0991**
   **v.**                     :
                                : **(JUDGE VANASKIE)**
**RUSSEL HENDERSHOT, ET AL.,**  :
                                :
      **Defendants.**         :

## O R D E R

**NOW**, this **29th day of SEPTEMBER**, **2006**, for the reasons set forth in the foregoing Memorandum, **IT IS HEREBY ORDERED THAT:**

1. Defendants' Motion for Summary Judgment (Dkt. Entry 42) is **GRANTED.**

2. Lasko's action is **DISMISSED** without prejudice due to his failure to exhaust administrative remedies prior to initiating this action.

3. Plaintiff's Motion for Preliminary Injunction (Dkt. Entry 31) is **DENIED** as moot.

4. Plaintiff's Motion for Joinder (Dkt. Entry 56) will be construed as a Motion to Amend and **DENIED**.

5. The Clerk of Court is directed to mark this matter

**CLOSED.**

                          **s/ Thomas I. Vanaskie**
                          Thomas I. Vanaskie
                          United States District Judge

**CLOSED.**